**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| JOSE A. GONZALEZ | § | |
| | § | |
| V. | § | A-15-CV-181-RP |
| | § | |
| N. VASQUEZ, WARDEN FCC-LOW | § | |
| BEAUMONT | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court is Petitioner Jose A. Gonzalez's Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 (Dkt. No. 1). The Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The undersigned finds that Gonzalez's Petition for Writ of Habeas Corpus should be dismissed without prejudice for the reasons set out below.

**I. GENERAL BACKGROUND**

On November 8, 2011, Petitioner Jose A. Gonzalez ("Gonzalez") was indicted in the Southern District of Texas (Laredo) for conspiracy to possess with intent to distribute a quantity of cocaine of five kilograms or more (count one), and for possession with intent to distribute five kilograms or more of cocaine (count two). *See United States v. Gonzalez*, 5:11-cr-01246. After Gonzalez pled guilty to both counts, the District Court sentenced Gonzalez to 180 months of imprisonment, followed by a five-year term of supervised release and a $200 special assessment fee. Gonzalez is currently serving his sentence at the Federal Correctional Complex-Low in Beaumont, Texas. Gonzalez originally filed this

Petition in the Eastern District of Texas, Beaumont Division.  On February 10, 2015, the Eastern District of Texas transferred the case to the Western District of Texas.

Before Gonzalez was indicted for his federal drug offenses, he was indicted by the State of Texas for money laundering, bail jumping, and failure to appear.  *See State of Texas v. Gonzalez*, 10-224-K26, 10-1761-K26 (26th Dist. Ct., Williamson County, Tex. Dec. 15, 2010).  Gonzalez has not yet been tried for those offenses, and he has filed a Motion to Request Disposition of Pending Charges Pursuant to the Interstate Agreement on Detainers Act and a Motion for Dismissal, which are scheduled to be heard by the state district court on February 29, 2016.  In this case, Gonzalez argues that his state charges should be dismissed for violation of the Interstate Agreement on Detainers Act and the Speedy Trial Act.

## II. ANALYSIS

A state prisoner subject to untried charges may bring a pretrial habeas corpus action in federal court pursuant to 28 U.S.C. § 2241 to "demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).  However, a state prisoner or pretrial detainee must first exhaust state court remedies prior to seeking habeas relief in federal court. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987), *cert. denied*, 484 U.S. 956 (1987).  Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were first fairly presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).  In Texas, this requires that the claims be presented to the Texas Court of Criminal Appeals by way of either a petition for discretionary review or post conviction writ of habeas corpus. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995).  A total exhaustion rule promotes comity and such a rule does not

unreasonably impair a prisoner's right to relief. *Rose v. Lundy*, 455 U.S. 509, 523 (1982). A petitioner may be excused from the exhaustion requirement only if he can show exceptional circumstances of peculiar urgency. *Deters*, 985 F.2d at 795. A federal district court may take notice *sua sponte* of the lack of exhaustion. *Shute v. Texas*, 117 F.3d 233, 237 (5th Cir. 1997). Federal courts may dismiss without prejudice the entirety of a federal habeas petition that contains any unexhausted grounds for relief. *See Rose*, 455 U.S. at 510; *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 501 U.S. 1235 (1991).

Gonzalez has not satisfied the exhaustion requirement in his case. The state trial court has yet to rule on Gonzalez's claims regarding the Interstate Agreement on Detainers Act, and even once that court rules, Gonzalez or the State will need to present that ruling to the Texas Court of Criminal Appeals for Gonzalez to have fully exhausted his state court remedies. Further, Gonzalez has not shown that he should be excused from the exhaustion requirement due to exceptional circumstances warranting federal intrusion at this juncture. Accordingly, Gonzalez's § 2241 Petition should be dismissed for failure to exhaust all available state court remedies. *See Arnold v. Hobbs*, 2013 WL 5724133, at * 2 (N.D. Miss. Oct. 21, 2013) (dismissing Speedy Trial Act claims where petitioner failed to exhaust his claim in state court); *Quintana v. Darr*, 2007 WL 2683795, at * 2 (D. Co. Sept. 6, 2007) (dismissing § 2241 petition invoking Interstate Agreement on Detainers Act where petitioner failed to exhaust state court remedies**).**

## III.  RECOMMENDATION

Based upon the foregoing, the undersigned **HEREBY RECOMMENDS** that the District Court **DISMISS WITHOUT PREJUDICE** Jose A. Gonzalez's Petition for Writ of Habeas Corpus pursuant to § 2241 (Dkt. No. 1) for failure to exhaust all available state court remedies.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a District Court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the District Court's assessment of the constitutional claims debatable or wrong." *Id.* "When a District Court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the District Court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Petitioner's habeas petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained

4

within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 12th day of January, 2016.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE